**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC., | Case No. 19-cv-04127 |
| Plaintiff, | **Judge John Z. Lee** |
| v. | **Magistrate Judge Jeffrey T. Gilbert** |
| TANG WU 888 SHOP, et al., | |
| Defendants. | |

**Declaration of Justin R. Gaudio**

## DECLARATION OF JUSTIN R. GAUDIO

I, Justin R. Gaudio, of the City of Chicago, in the State of Illinois, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff Western Digital Technologies, Inc. ("Western Digital" or "Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. Offshore Internet store operators offering for sale products using counterfeit trademarks typically: (1) provide incomplete and/or false names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third-party service providers and customers. In my over ten years of experience in anticounterfeiting investigations, even if a purported address is provided on an Internet store, it is unlikely to be legitimate. E-mail has proved to be a reliable mechanism for quickly providing notice to Internet store operators in similar cases. Indeed, thousands of defendants in cases I have overseen have confirmed receipt of actual notice via e-mail.

3. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which China is a signatory. The Hague Convention does not preclude service by e-mail, and the declarations to the Hague Convention filed by China do not appear to expressly prohibit e-mail service. Additionally, according to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial

Documents in Civil and Commercial Matters, and a list of signatory members, are collectively attached hereto as **Exhibit 1**.

4. I have researched whether the issuance of an order to serve process upon the Defendants by electronic mail pursuant to Fed. R. Civ. P. 4(f)(3) is contrary to or likely to offend the law of the People's Republic of China (the "PRC"). I located an English language version of the Civil Procedure Law of the People's Republic of China (Revised in 2017). A true and correct copy is attached hereto as **Exhibit 2**. Chapter VII, Section 2, of the Civil Procedure Law governs service of process. I am informed and believe that the law does not preclude the service of process by e-mail and allows for alternate service of process in certain circumstances. For example, Article 92 of the law provides that, if the whereabouts of a recipient of the service is unknown, or if a document cannot be served by the other methods reflected in the law, a document shall be served by public announcement, a method even less likely to reach a defendant than service by e-mail. Additionally, Articles 87 and 267(7) provide that a document may be served by way of facsimile or electronic mail in certain circumstances.

5. **Exhibit 3** attached hereto is a true and correct copy of the unpublished decisions cited in Western Digital's Memorandum in Support of its Motion for Electronic Service of Process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 21st day of June 2019 at Chicago, Illinois.

/Justin R. Gaudio/
Justin R. Gaudio
Counsel for Western Digital Technologies, Inc.